IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>                    v.<br><br>JOHN DOE subscriber assigned IP address 71.59.3.125,<br>    Defendant. | Civil Action No.<br>1:23-cv-02096-SDG |
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>                    v.<br><br>JOHN DOE subscriber assigned IP address 73.137.105.62,<br>    Defendant. | Civil Action No.<br>1:23-cv-02098-SDG |
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>                    v.<br><br>JOHN DOE subscriber assigned IP address 24.240.23.76,<br>    Defendant. | Civil Action No.<br>1:23-cv-02099-SDG |
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>                    v.<br><br>JOHN DOE subscriber assigned IP address 73.237.242.170,<br>    Defendant. | Civil Action No.<br>1:23-cv-02100-SDG |

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br>                    v.<br>JOHN DOE subscriber assigned IP address 73.137.234.124,<br>    Defendant. | Civil Action No.<br>1:23-cv-02102-SDG |
| STRIKE 3 HOLDINGS, LLC,<br>    Plaintiff,<br>                    v.<br>JOHN DOE subscriber assigned IP address 73.184.211.143,<br>    Defendant. | Civil Action No.<br>1:23-cv-02103-SDG |

## **OPINION & ORDER**

This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's (Strike 3) motions to serve subpoenas on multiple Defendants pursuant to Fed. R. Civ. P. 45 in the above-captioned cases [1:23-cv-02096-SDG, ECF 6; 1:23-cv-02098-SDG, ECF 6; 1:23-cv-02099-SDG, ECF 6; 1:23-cv-02100-SDG, ECF 6; 1:23-cv-02100-SDG, ECF 6; 1:23-cv-02103-SDG, ECF 6]. For the reasons that follow, the motions to serve subpoenas are **GRANTED**. The application for admission *pro hac vice* is **DENIED as moot**. *See* ECF 9.

I.  **Background**

The facts underpinning these cases are essentially the same.[1] Strike 3 owns a library of adult motion pictures, dozens of which the John Doe Defendants allegedly copied and reproduced, infringing on Strike 3's copyrights.[2] According to Strike 3, these motion pictures are "award-winning," "critically acclaimed," "high-end," "artistic," and "performer-inspiring" owing to their "Hollywood[-]style budget and quality."[3] Apparently, quality begets viewership: Strike 3's subscription-based websites boast a subscriber base that is purportedly one of the highest of any adult content website.[4] It also invites rampant infringement, evidenced by Strike 3's content allegedly "appearing among the most infringed popular entertainment content on torrent websites."[5] Because of Defendants and

---

[1]  For this reason, the court refers only to documents from the case filed first in time, 1:23-cv-02096-SDG.

[2]  ECF 1, ¶¶ 1–4.

[3]  *Id.* ¶ 3.

[4]  *Id.* ¶ 13.

[5]  *Id.* ¶ 16.

other alleged pirates, "Strike 3's motion pictures are among the most pirated content in the world."[6]

Strike 3 maintains that Defendants "not only engage in illegal downloading, but are also large[-]scale unauthorized distributors of Strike 3's content."[7] They are as yet unidentified because they cloaked their identities to evade detection. But, Strike 3 reasons, Defendants' internet providers might be able to identify Defendants through their IP addresses, which Strike 3 uncovered using third-party geolocation technology and their own proprietary infringement detection system.[8] For this reason, Strike 3 filed its many motions to serve Fed. R. Civ. P. 45 subpoenas on Defendants.

## II.   Discussion

### A.   Fictitious Party Pleading

Although fictitious party practice is not ordinarily allowed in federal court, *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), the Eleventh Circuit Court of Appeals recognizes an exception when "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id.* (citation

---

[6]   *Id.*

[7]   ECF 6-1, at 5 (citation omitted).

[8]   ECF 1, ¶¶ 5, 9, 27–28.

omitted). This exception has been applied by courts in this Circuit, as in other Circuits, to allow fictitious party pleading where discovery is necessary to determine a defendant's true identity. *See, e.g.*, *Roe v. Doe*, 2019 WL 13215281, at *1 (N.D. Ga. Oct. 10, 2019) (finding fictitious party pleading was acceptable and authorizing limited discovery where defendants allegedly used false names and email accounts and could only be identified by those names and accounts).

Strike 3 has sufficiently identified Defendants by their IP addresses—unique electronic signatures assigned to devices allegedly used by the infringers to pirate Strike 3's property. *See, e.g.*, *Breaking Glass Pictures, LLC v. Doe*, 2013 WL 8336085, at *5 (N.D. Ga. Apr. 12, 2013) (granting preliminary discovery where the plaintiff only knew the defendant's IP address and sought leave to serve a subpoena based on this information to uncover the defendant's identity). Without limited discovery, Strike 3 would be precluded from pursuing its claims and obtaining judicial relief related to the alleged infringement. Thus, in this case, the Court finds that fictitious party pleading is warranted and excepted from the general prohibition.

### B.  Early Discovery Under Rule 26(d)(1)

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required

by Rule 26(f)," unless authorized by court order. So, Strike 3's request to issue Rule 45 subpoenas must be evaluated through the lens of Rule 26(d)(1).

The rule is silent as to the standard that applies when a court weighs whether to authorize discovery before the Rule 26(f) conference, but courts in this district have applied a good cause standard to answer the Rule 26(d)(1) question. *See Breaking Glass Pictures*, 2013 WL 8336085, at *5; *Davis v. Collins*, 2018 WL 6163154, at *2 (N.D. Ga. Aug. 24, 2018); *Thompson Ins. Enters., Inc. v. LIPCA, Inc.*, 2007 WL 9706825, at *6 (N.D. Ga. June 26, 2007). Whether good cause exists to grant preliminary discovery in cases involving fictitious party defendants depends on: "(1) whether the plaintiff has established a *prima facie* case; (2) whether the plaintiff has explained the steps already taken to identify the defendant; (3) whether the plaintiff has demonstrated that the requested discovery will likely uncover the defendant's identity; and (4) whether the plaintiff's discovery request is narrowly tailored." *Roe*, 2019 WL 13215281, at *2 (cleaned up).

      **1.**    **Strike 3 Establishes a *Prima Facie* Case of Copyright Infringement.**

To make out a *prima facie* case of copyright infringement, Strike 3 must establish (1) that it is the owner of a valid copyright and (2) that Defendants copied

protected elements of that work. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008). It does so.

Taking these elements in reverse, Strike 3 establishes the second element of its copyright infringement claim because it (1) alleges that protected elements of its copyrighted works were in fact infringed by Defendants, and (2) offers evidence of its own digital monitoring and third-party investigation, which, together, traced the infringement of its copyrighted content to Defendants' IP addresses.

As to the first element, ownership of a copyright may be demonstrated through registration with the Copyright Office pursuant to 17 U.S.C. § 411. *Donald Frederick Evans & Assocs., Inc. v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986) (citing 17 U.S.C. § 410(c) and *Nimmer on Copyright* § 13.01[A], at 13-4) (The grant of copyright protection by the Copyright Office, evidenced by certificates of registration "constitute[s] *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate," including the requirement of originality.). Strike 3 has demonstrated just that by attaching to each of its motions for discovery declarations that establish it is the owner of registered copyrights associated with each digital file Defendants allegedly copied and distributed. While the burden shifts to Defendants at the motion-to-dismiss stage to disprove the presumption of valid copyright ownership to which Strike 3 is entitled on these

facts, *id.*, Strike 3's allegations are sufficient to make out its *prima facie* case of copyright infringement for Rule 26(d)(1) purposes.

### 2. Strike 3 Describes the Steps Taken to Identify Defendants.

Strike 3 has alleged facts demonstrating it (1) identified Defendants' infringement and investigated it thoroughly using its own proprietary systems and third-party resources, and (2) diligently attempted to match Defendants' IP addresses with Defendants before filing these motions. Strike 3 has not been able to identify any other way to uncover Defendants' identities, but Defendants' internet providers are well-positioned to do what Strike 3 could not. Accordingly, the Court is satisfied that Strike 3 adequately describes the steps it has taken to identify Defendants—as well as how discovery will aid it to that end.

### 3. Strike 3 Demonstrates that the Requested Discovery Will Likely Uncover Defendants' Identities and Is Narrowly Tailored.

Taking the third and fourth elements together, Strike 3 has shown that the requested discovery will likely uncover Defendants' true identities and is narrowly tailored to meet this goal. As another district court commented when faced with a nearly identical inquiry, Strike 3 requests "only the name and permanent address of the IP address subscribers . . . requesting no more than would be required to identify the relevant individual." *Strike 3 Holdings, LLC v.*

*Doe*, 2020 WL 3567282, at *8 (D.N.J. June 30, 2020) (collecting cases). This narrow line of inquiry is reasonably calculated to obtain only Defendants' names and addresses, which will allow Strike 3 to effect service of process on them.

In light of the Court's determinations about these elements and the others detailed above, the Court finds that there is good cause under Rule 26(d)(1) to grant Strike 3's requests for early discovery in each of the above-captioned cases.

### III. Conclusion

Strike 3's motions to serve subpoenas on Defendants pursuant to Fed. R. Civ. P. 45 [1:23-cv-02096-SDG, ECF 6; 1:23-cv-02098-SDG, ECF 6; 1:23-cv-02099-SDG, ECF 6; 1:23-cv-02100-SDG, ECF 6; 1:23-cv-02100-SDG, ECF 6; 1:23-cv-02103-SDG, ECF 6] are **GRANTED**. Attorney Jeremy Thompson's application for admission *pro hac vice* [1:23-cv-02096-SDG, ECF 8] is **DENIED as moot**. *See* ECF 9.

The Court acknowledges Strike 3's submission that it does not oppose a protective order; none is required at present. Any party seeking to maintain the confidentiality of any discovery may move to do so with the proper showing at any appropriate time during the pendency of these matters.

Finally, these actions present almost identical complaints and discovery motions, and they appear substantially similar. Accordingly, within 5 days of entry of this Order, Strike 3 is **ORDERED TO SHOW CAUSE** why these actions

should not be consolidated pursuant to Fed. R. Civ. P. 42(a). *See Young v. City of Augusta Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Alternatively, Strike 3 may indicate its consent to consolidation. The Clerk is **DIRECTED** to submit this Order to undersigned in 5 days.

**SO ORDERED** this 26th day of June, 2023.

Steven D. Grimberg
United States District Court Judge